OPINION
This appeal is taken by Defendant/Appellant Antonio Lamont King from the judgment entered by the Court of Common Pleas of Marion County finding him guilty of Rape, Aggravated Burglary and Aggravated Robbery and sentencing him to 30 years in prison.
On September 29, 1997, defendant was arrested in Florida on an active Marion County, Ohio warrant and on an unrelated charge for possession of cocaine. On December 11, 1997, defendant was indicted by the Marion County Grand Jury for rape, in violation of R.C. 2907.02(A)(2); aggravated burglary, in violation of 2911.11(A)(1); and aggravated robbery, in violation of R.C.2911.01(A)(1). A jury trial was held and the jury found defendant guilty of all three counts of the indictment. The trial court sentenced defendant to a mandatory term of ten (10) years imprisonment on the rape charge. The court imposed the maximum sentence of ten (10) years incarceration on each of the other two counts. All sentences were to run consecutively.
King appealed that judgment entry and sentencing to this court. In State v. King (Sept. 9, 1999), Marion County App. No. 9-98-67, unreported, this court affirmed King's convictions but reversed the sentences of the Court of Common Pleas of Marion County and remanded the case for a new sentencing hearing. In reversing for a new sentencing hearing we stated:
 "In imposing its sentence, the trial court did recite conclusions in conformity with R.C. 2929.14(C) and (E)(4). However, the trial court did not articulate which R.C. 2929.12 factors are present in this case to sentence defendant to the maximum terms for aggravated burglary and aggravated robbery under R.C.2929.14(C). Nor does the court articulate those R.C. 2929.12 factors it is relying upon to support its decision impose consecutive terms for all of the offenses under R.C. 2929.14(E)(4). Because the trial court failed to make findings required 2929.14 and 2929.19 we sustain the defendant's second assignment of error"
On October 14, 1999, King appeared in Court with his attorney for a new sentencing hearing. The court proceeded to sentence King to a mandatory term of ten (10) years in prison for the rape conviction. The court also imposed the maximum sentence of ten (10) years on the other counts of aggravated burglary and aggravated robbery. All the sentences were to run consecutively. On appeal from that sentencing hearing King makes the following sole assignment of error:
 The Court erred in sentencing the Appellant to the maximum term on all three counts consecutive to each other.
In his sole assignment of error King argues that the trial court erred once again by sentencing him to the maximum term on all three counts consecutive to each other for a total of thirty (30) years incarceration with the Ohio Department of Rehabilitation and Corrections. Specifically King claims that the trial court erred when it failed to make the findings necessary for imposition of a consecutive sentence, when it failed to specifically state the reasons why the third of the last sentence of ten years needed to be run consecutively to the other two sentences and finally by failing to consider the progress King had made during his prison stay before re-sentencing.
When a sentence is appealed under current Ohio sentencing laws, the appellate court may remand the case, or increase, reduce, or otherwise modify the sentence, if it clearly and convincingly finds that the record does not support the sentence. R.C.2953.08(G)(1)(a).
The guidelines and mandates the trial court follows when sentencing an offender are contained within O.R.C. Chapter 2929. The purposes and principles of felony sentencing set forth in R.C.2929.11 are:
 * * * to protect the public from future crime by the offender and others and to punish the offender.
O.R.C. 2929.12 sets forth a list of several factors that are to be considered by the trial court during sentencing proceedings. If the offender has not previously served a prison term the court must impose the shortest sentence unless the court establishes on the record that the shortest prison term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." O.R.C. 2929.14(B). The court may impose the maximum sentence when:
 * * * [T]he court imposing a sentence for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. O.R.C. 2929.14(C)
When imposing consecutive sentences, R.C. 2929.14(E)(4) provides:
 If multiple prison terms are imposed on an offender for convictions, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
 The record reveals that when sentencing King the trial court made the following statements with regard to the imposition of consecutive sentences:
 "As far as consecutive sentences are concerned, I had found previously, and I still do find that the consecutive service is necessary to protect the public from future crime. And to punish the offender, both. Which is 2929.14(E).
 Additionally, the harm caused by the multiple offenses was so great or unusual that no single prison term for any offenses committed as part of his conduct adequately reflects the seriousness of his conduct; 2929.14(E)(4)(B).
 Additionally, his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. That's 2929.14(E)(4)(C)."
The findings outlined above satisfy the requirements listed in the foregoing statutes with regard to imposition of consecutive sentences. Moreover, after thorough review of the statutory sentencing requirements of Chapter 29 of the Revised Code this Court is unable to find a requirement that the trial court consider progress made by King while in prison before he was re-sentenced as a mitigating factor. Therefore, no error having been shown the judgment and sentencing entry of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
 ______________________________ BRYANT, PRESIDING JUDGE
 HADLEY, P.J., and SHAW, J., concur.